161 Ludlow Food, LLC v L.E.S. Dwellers, Inc. (2019 NY Slip Op 07146)





161 Ludlow Food, LLC v L.E.S. Dwellers, Inc.


2019 NY Slip Op 07146


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9989 153500/16

[*1]161 Ludlow Food, LLC doing business as No Fun, Plaintiff-Appellant,
v
L.E.S. Dwellers, Inc. formerly known as Diem, Inc., et al., Defendants, Sara Romanoski, Defendant-Respondent.


Mark A. Marino, PC, New York (Mark A. Marino of counsel), for appellant.
Sara Romanoski, respondent pro se.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 24, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' CPLR 3211(g) motion to dismiss plaintiff's claim for slander per se, unanimously affirmed, with costs.
This is a case involving public petition or participation (Civil Rights Law § 76-a). Dismissal of plaintiff's claim for slander per se was warranted because the individual defendant's alleged false statements were made at a Community Board meeting, and the claim lacked a substantial basis in law, as required to survive dismissal (CPLR 3211[g]; 600 W. 115th St. Corp v Von Gutfeld, 80 NY2d 130 [1992], cert denied 508 US 910 [1993]).
Plaintiff corporation failed to state how the statements at issue harmed its reputation, business standing, or corporate integrity, sufficient to withstand a motion to dismiss (see Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32 [1st Dept 2011].
The context of the statements provides further support for dismissal. Defendant made the comments at a Community Board meeting where plaintiff's liquor license was under discussion and, in turn, the issue of whether it had a valid COO would have been directly relevant, and the meeting was attended by plaintiff's managing member, such that plaintiff had the opportunity to correct the alleged misstatements and present his own, competing views (see 600 W. 115th St. Corp v Von Gutfeld, 80 NY2d at 138).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK